UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>   v.<br><br>FILMORE DOYOON KIM,<br><br>                 Defendant. | CASE NO. 2:25-cr-00041-LK<br><br>ORDER GRANTING MOTION TO SEAL |

      This matter comes before the Court on Defendant Filmore Doyoon Kim's motion to seal Exhibit 1 to his sentencing memorandum. Dkt. No. 28 at 1. Exhibit 1 is a forensic psychological examination for Mr. Kim. Dkt. No. 30 at 3–9. The Government has not filed an opposition to the motion.

      "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). District courts therefore "start with a strong presumption in favor of

ORDER GRANTING MOTION TO SEAL - 1

access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Despite the public's right to access documents in criminal proceedings, a document may remain under seal when (1) sealing a document serves a compelling interest (2) that is substantially likely to be harmed if the document is not sealed and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Parson*, No. 3:15-cr-05262-DGE, 2022 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)).

The exhibit that Mr. Kim seeks to seal contains his sensitive medical information. Dkt. No. 30 at 3–9. Protecting Mr. Kim's medical privacy serves a compelling interest that would be harmed by public disclosure. *See, e.g.*, *Cont'l Med. Transp. LLC v. Health Care Serv. Corp.*, No. C20-0115-JCC, 2021 WL 2072524, at *4 (W.D. Wash. May 24, 2021) (sealing medical records); *Parson*, 2022 WL 558221, at *3 (finding compelling reasons to seal medical records to protect the defendant's privacy). There is no less restrictive means of protecting Mr. Kim's privacy. In addition, psychological reports can remain under seal without a court order. *See* LCrR 49.1(d)(6). Therefore, the Court GRANTS the motion to seal, Dkt. No. 28, and Exhibit 1, Dkt. No. 30, may remain under seal.

Dated this 8th day of July, 2025.

Lauren King
United States District Judge

ORDER GRANTING MOTION TO SEAL - 2